MEMORANDUM **
Anna and Stanislav Yermolenko, natives and citizens of Russia, petition for review of the Board of Immigration Appeals’ (“BIA”) dismissal of their appeal of an Immigration Judge’s (“IJ”) denial of asylum, withholding of removal and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We conclude that the BIA’s adverse credibility findings are not supported by substantial evidence and that the evidence compels a contrary conclusion. We grant the petition and remand to the BIA for further proceedings.
The facts of the case are known to the parties, and we do not repeat them below.
The Yermolenkos argue that the agency’s adverse credibility finding is not supported by substantial evidence. We agree. *396 Many of the alleged inconsistencies between Anna’s and Stanislav’s testimony are unsupported by the record. For instance, Anna’s testimony that Stanislav is an Atheist is consistent with Stanislav’s testimony that Anna was unaware of his belief in God. Stanislav’s testimony also indicates that he was aware of Anna’s September 2001 arrest even though he was questioned only about her November 2000 arrest.
The remaining inconsistencies cited by the BIA are not substantial and do not “strike at the heart of the claim for asylum.” See Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir.2006) (internal quotation marks omitted). For instance, the November 2000 arrest of Anna and her fellow worshippers supports her claim of religious persecution regardless whether ten congregants were arrested (as she testified at the IJ hearing) or twenty-five were arrested (as she may have previously told an asylum officer).
The lack of corroborative evidence also fails to support the adverse credibility finding. The Yermolenkos were questioned only about their failure to provide a copy of a police statement and a copy of the letter terminating Anna’s job. See Sidhu v. INS, 220 F.3d 1085, 1091 (9th Cir.2000) (“The petitioner must be given an opportunity at his IJ hearing to explain his failure to produce material corroborating evidence.”). The Yermolenkos explained why they were unable to obtain these two corroborative documents from Russia. The record compels reversal of the BIA’s adverse credibility finding.
We remand for the BIA to address, in the first instance, whether the Yermolen-kos are entitled to relief from removal, including the IJ’s alternative holding that the Yermolenkos could safely relocate in Russia. See INS v. Orlando Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). On remand, the BIA shall credit the Yermolenkos’ testimony as true because “it is apparent from the record before us that the IJ and BIA have listed all possible reasons to support an adverse credibility determination, and they are inadequate in law or not supported by substantial evidence.” See Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir.2009).
PETITION FOR REVIEW GRANTED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.